## MARY SMITH *vs.* CITY OF LOWELL.

In an action to recover damages for a personal injury sustained by reason of a defective way, it is no error to refuse to instruct the jury that if the plaintiff was familiar with the place where the accident occurred, it was his duty to use more care in passing there than if he was wholly ignorant of its condition, or to avoid the place altogether, if instructions were given that the burden of proof was on him to show that he used reasonable care, adapted to the circumstances of the case, and that if he was familiar with the place they should take this fact into consideration, and determine whether on account of it he ought to have used increased care in passing over it, or to have avoided it altogether.

TORT to recover damages for a personal injury sustained by reason of a defective way in Lowell.

At the trial in this court, before *Chapman,* J., it appeared that the defect complained of was an abrupt descent in the brick sidewalk on Lawrence Street, where a court enters upon that street. The level of the court was about six inches below the level of the sidewalk upon Lawrence Street at the point where the court entered upon the street, and there was a small gutter, seven or eight inches broad, and three or four inches lower than the flagstones which composed the walk across the court. It was also proved that the sidewalk had long been in the same condition, and that the plaintiff had lived in the court for many years, and was familiar with the place. The defendants requested the court to instruct the jury that under these circumstances the plaintiff " was under obligation to exercise more care in passing it than if she was wholly ignorant of the condition of the sidewalk, or that it was her duty to avoid the spot; but, doing otherwise, she took her own risk, and is not entitled to recover." The judge declined so to rule, and instructed the jury substantially that the care required of travellers must be such care as

ordinary persons, in the ordinary exercise of their faculties, are accustomed to use, and must be adapted to the particular circumstances of each case; that the jury, and not the court, must determine what circumstances were proved, and must also determine in the exercise of their practical judgment what degree of care was made reasonable by these circumstances; that if the plaintiff was accustomed to pass over the place in question, and was well acquainted with it, they should take these facts into consideration, and determine whether on account of them she ought to have used increased care, or to have avoided the place altogether; that the burden of proof was on her to satisfy them that she used reasonable care, adapted to the circumstances of the case.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*A. R Brown,* for the defendants.

*C. Cowley,* for the plaintiff.

HOAR, J. There is no question before us whether the verdict in this case was against evidence, and we have therefore no occasion to consider whether the facts showed that the way was defective. The instructions given to the jury were exactly in conformity with the settled law applicable to cases of this nature, and sufficient upon all points for their guidance.

The objection to the instructions asked for by the defendants, and which were refused, is this, that they ask the court to assume certain facts; and to decide as matter of law, what the jury ought to determine as matter of fact. It would not follow that the plaintiff, though she was familiar with the place, knew or supposed the way to be defective, because the jury have found it to be so. Nor could the court say, as matter of law, that there was a defect of such a character as to require unusual care in passing the street. These things were rightly left to the jury, with the instruction that the care required in the plaintiff was such as the condition of the street and her knowledge of it made reasonable care under the circumstances.

*Exceptions overruled*